UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAY C. PATRICK                    )
                                  )
        vs.                       )        CAUSE NO. 3:05-CV-746 RM
                                  )        (Arising from 3:05-CR-12(01)RM)
                                  )
UNITED STATES OF AMERICA          )


OPINION AND ORDER

Ray Patrick filed his petition for a writ of habeas corpus under 28 U.S.C. § 2255 and the court directed the government to respond. The government has responded, arguing only that Mr. Patrick waived his right to file a habeas petition in his plea agreement.[1] For the reasons that follow, the court denies Mr. Patrick's petition.

Mr. Patrick pleaded guilty to knowingly and intentionally possessing a controlled substance with the intent to distribute. 21 U.S.C. § 841(a). In his signed plea agreement he admitted he was given "$1000 for [ ] crack cocaine by [a confidential source]" and that he "knew that it [the substance] was crack cocaine at the time of the sale." Mr. Patrick also waived several rights in his plea agreement, including his right to contest his conviction or sentence on any ground in any post-conviction proceeding, specifically including a petition under 28 U.S.C. § 2255.

---

[1]The court's order directing the government to respond to the habeas petition didn't contemplate or invite a partial response as to one limited issue. The court has previously expressed its concern with the government's attempt to bifurcate the briefing process without leave. *See* Cause No. 3:04-CR-24-RM, Docket No. 26. The court now expresses its misgivings with the government's partial response for a second time.

Despite the admissions and the waivers in his plea agreement, Mr. Patrick now challenges his sentence on two grounds: he received ineffective assistance of counsel and his sentence was computed based upon criminal conduct involving "crack cocaine," when he was selling a "powder form of cocaine." Mr. Patrick's arguments are without merit for several reasons.

A plea agreement that contains a waiver of the right to file a petition under §2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook 406 F.3d 485, 487 (7th Cir. 2005); United States v. Whitlow, 287 F.3d 638, 640 (7th Cir. 2002), or when a defendant claims the waiver was involuntary or that counsel was ineffective in negotiating the agreement. Mason v. United States., 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. Unites States, 167 F.3d 1142, 1144-1146 (7th Cir. 1999).

Mr. Patrick's claims of ineffective counsel don't go the negotiation of the plea agreement. *See* United States v. Jones, 167 F.3d at 1146.  He argues his sentence would have differed had his attorney challenged the characterization of the controlled substance as crack.[2]  These claims relate only to his attorney's performance with respect to sentencing, so his claim that he received ineffective counsel cannot succeed. *See* Mason v. United States, 211 F.3d at1069.

---

[2] He says his counsel was ineffective because he "failed to counsel [him] that not all 'cocaine base' is 'crack' ";  "failed to counsel [him] on case law that proved or could proved the out come in my case may have been different"; "failed to discuss the federal sentencing guidelines on controlled substance offenses and drug quantity table or range levels, not even sentencing table"; and "failed to rely  his 'client' information to the prosecutor."

2

To the extent Mr. Patrick's claims of ineffective assistance of counsel could be construed as relating directly to the negotiation of the plea agreement, he still cannot succeed in his petition because he hasn't shown he suffered prejudice. Mr. Patrick argues that had he been counseled on the differences between cocaine base and crack, the outcome of his case may have been different. The court cannot agree.

The term "cocaine base" is broader than the term "crack" only in one context: for a mandatory minimum sentence to apply under 21 U.S.C. § 841(a)(1), it must be specifically established that a substance is crack, not merely cocaine base. United States v. Edwards, 397 F.3d 570, 571-572 (7th Cir.2005). But cocaine base and crack are synonymous under the amended Guidelines, U.S.S.G. § 2D1.1(c)(D), and because Mr. Patrick wasn't sentenced under the mandatory minimum statute, his sentence would have been the same had he pleaded guilty to cocaine base in powder form or crack. There is no merit to his arguments that his attorney rendered either deficient performance in this case or committed errors which caused prejudice to him. See Strickland v. Washington, 466 U.S. 668, 697-698 (1984).

Further, Mr. Patrick hasn't alleged he wouldn't have pleaded guilty had counsel acted differently. United States. v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005). His plea colloquy demonstrates he knowingly entered into the plea

agreement, which was an "intelligent choice among the alternate courses open [to him]." *See* <u>Berkey v. United States</u>, 318 F.3d 768, 773 (7th Cir. 2003).[3]

The court also disagrees with Mr. Patrick's characterization of the substance he distributed as powder form cocaine base. Mr. Patrick's statements at his change of plea hearing, statements made under oath, are presumed to be truthful. <u>Bridgeman v. United States</u>, 229 F.3d 589, 592 (7th Cir. 2000). The court engaged in the following exchange with Mr. Patrick at his change of plea hearing:

> THE COURT: I understand that on that date [December 15, 2004] you agreed to sell an ounce of cocaine base or crack cocaine to a person who was working as a confidential source for the government who came where you were renting a room at the Super Eight motel on Pine Lake Avenue in LaPorte. Is that true?
>
> MR. PATRICK: Yes, Sir.
>
> THE COURT: As I understand it, the confidential source gave you a thousand dollars, and you gave him about 24 grams of crack cocaine, and you knew that it was crack cocaine at the time of the sale; is that true?
>
> MR. PATRICK: Yes, Sir.

Even if Mr. Patrick were represented by an attorney who didn't appreciate that there are varieties of cocaine base other than crack, Mr. Patrick knew whether his

---

[3] During his plea colloquy, Mr. Patrick affirmed that he had told counsel everything counsel needs to know about the case to represent him in court and to advise him as to how to proceed, and that he was satisfied with the job counsel had done. He also affirmed that he and counsel had looked over the sentencing guidelines and that he understood the sentencing guidelines would play a part in the sentencing decision.

own inventory was crack. *See* <u>United States v. Cannon</u>, 429 F.3d 1158, 1160 (7th Cir. 2005).

For these reasons, the court DENIES Mr. Patrick's petition filed pursuant to 28 U.S.C. § 2255 [Cause No. 3:05-CR-12,(01)RM, Docket No. 24].

SO ORDERED.

Entered:   <u>April 12, 2006</u>


<u>        /s/ Robert L. Miller, Jr.        </u>
Chief Judge
United States District Court


cc:    counsel of record
       R. Patrick

5